AO 106 (Rev. 04/10) Application for a Search Warrant

FILED
ENTERED
LODGED
RECEIVED

JAN 11 2017

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*
Device 1: Samsung Galaxy S7 Edge IMEI
356164075929566
Device 2: Samsung Galaxy S7 Edge
IMEI 357216071865068

)
)
)
)
)
)

Case No. MJ-17-007

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
Device 1: Samsung Galaxy S7 Edge IMEI 356164075929566 and Device 2: Samsung Galaxy S7 Edge IMEI 357216071865068, currently in the custody of ATF in Seattle, Washington

located in the _____ Western _____ District of _____ Washington _____ , there is now concealed *(identify the person or describe the property to be seized):*
See Attachment B for Items and Information to be Seized

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| See Attachment C for List of Violations | |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Earl A. Wozniak, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: JAN 11, 2017
       1:30pm

_____
*Judge's signature*

City and state:  Seattle, Washington

James P. Donohue, U.S. Magistrate Judge
*Printed name and title*

1

## ATTACHMENT A

2        The property to be searched consists of two cellular telephones in the custody of

3    the ATF located in Seattle, Washington.  The SUBJECT DEVICES are identified as

4    follows:

5        SUBJECT DEVICE # 1:  Samsung Galaxy S7 Edge cellular phone, IMEI number

6    356164075929566, serial number RF8HB20HPME).

7        SUBJECT DEVICE # 2:  Samsung Galaxy S7 Edge cellular phone, IMEI number

8    357216071865068

9        This warrant authorizes the forensic examination of the SUBJECT DEVICES for

10   the purpose of identifying the electronically stored information described in Attachment

11   B.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE
5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## ATTACHMENT B

### Items and Information to be Seized

1.      All records or information on the SUBJECT DEVICES described in Attachment A that relate to violations of Title 21 United States Code, Section 841(a)(1) and 841(b)(1)(A) – Possession of a Controlled Substance with Intent to Distribute; Title 21 United States Code, Section 846 – Conspiracy to Distribute Controlled Substances; Title 21 United States Code, Section 843 – Use of a Telephonic Device in Furtherance of Narcotics Trafficking; Title 18, United States Code, Section 922(g)(1) – Unlawful Possession of a Firearm by a Convicted Felon; Title 18, United States Code, Section 924(c) – Possession of a Firearm in Furtherance of Drug Trafficking; Title 18, United States Code, Section 924(c)(1)(B)(ii) – Possession of a Silencer in Furtherance of Drug Trafficking; Title 26, United States Code, Section 5861(d) – Unlawful Possession of NFA Weapon specifically:

1.      Assigned number and identifying telephone serial number (ESN, MIN, IMSI, or IMEI);

2.      Stored lists of recent received, sent, or missed calls:

3.      Stored contact information;

4.      Photographs related to the above listed crimes including:

(i)  possession, use, and/or transfer of firearms, silencers, firearms parts, NFA weapons, and ammunition;

(ii) possession, use, and/or transfer of illegal drugs;

(iii) U.S. or other currency;

(iv) which may show the user of the phone and/or coconspirators, including any embedded GPS data associated with these photographs;

5.      Stored text messages, including Apple iMessages, Blackberry Messenger messages or other similar messaging services where the data is stored on the telephone, related to the above listed crimes including illegal drug possession or dealing;  and/or the

AFFIDAVIT OF SPECIAL AGENT EARL WOZNIAK
USAO#2017R00010 - 16

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | illegal possession, sale, or transfer of firearms, firearm parts, NFA weapons, or
2 | ammunition.

AFFIDAVIT OF SPECIAL AGENT EARL WOZNIAK
USAO#2017R00010 - 17

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE
5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## Attachment C
## List of Violations

The search is related to violations of:

Title 21 United States Code, Section 841(a)(1) and 841(b)(1)(A) – Possession of a Controlled Substance with Intent to Distribute;

Title 21 United States Code, Section 846 – Conspiracy to Distribute Controlled Substances;

Title 21 United States Code, Section 843 – Use of a Telephonic Device in Furtherance of Narcotics Trafficking;

Title 18, United States Code, Section 922(g)(1) – Unlawful Possession of a Firearm by a Convicted Felon;

Title 18, United States Code, Section 924(c) – Possession of a Firearm in Furtherance of Drug Trafficking;

Title 18, United States Code, Section 924(c)(1)(B)(ii) – Possession of a Silencer in Furtherance of Drug Trafficking; and,

Title 26, United States Code, Section 5861(d) – Unlawful Possession of NFA Weapon.

1
2
3
4
5

# AFFIDAVIT

STATE OF WASHINGTON            )
                                                    )       ss
COUNTY OF KING                    )

6        I, Earl A. Wozniak, having been duly sworn, state as follows:

7                            **INTRODUCTION AND AGENT BACKGROUND**

8        1.        I make this affidavit in support of an application under Rule 41 of the

9    Federal Rules of Criminal Procedure for a search warrant authorizing the examination of

10   a digital device[1], in this case two cellular telephones described more fully below

11   (hereafter SUBJECT DEVICES), which is currently in law enforcement possession, for

12   the extraction from that device of electronically stored information described in

13   Attachment B.

14       2.        I am a Special Agent (SA) with the Bureau of Alcohol Tobacco Firearms

15   and Explosives (ATF) and have been so employed since September 1, 2013.  I am

16   currently assigned to the ATF Violent Crime Task Force in Seattle, Washington.  Prior to

17   my employment with ATF, I was a Police Officer with the Dallas Police Department,

18   Dallas, Texas, for three years.

19       3.        I am a graduate of Marquette University where I received a Bachelor of

20   Science in Accounting in 2010.  I completed ATF's Special Agent Basic Training and the

21   Criminal Investigator Training Program.  I have received training in the recognition,

22   identification and testing of controlled substances as well as in common methods of

23
24   _____

25   [1] "Digital device" includes any device capable of processing and/or storing data in electronic
      form, including, but not limited to: wireless communication devices such as mobile or cellular
26   telephones and telephone paging devices, personal data assistants ("PDAs"), iPods/iPads,
      Blackberries, digital cameras, digital gaming devices, global positioning satellite devices (GPS),
27   or portable media players.

28
AFFIDAVIT OF SPECIAL AGENT EARL WOZNIAK                    UNITED STATES ATTORNEY
USAO#2017R00010  - 1                                                   700 STEWART STREET, SUITE
                                                                                         5220
                                                                          SEATTLE, WASHINGTON 98101
                                                                                  (206) 553-7970

1   trafficking in narcotics. I have participated in surveillance and interdiction operations at

2   known drug locations and have made numerous arrests for drug related crimes. I have

3   further received training in firearms trafficking and the diversion of legal firearms for

4   unlawful purposes, participated in the investigation of many crimes of violence, including

5   robberies, assaults and homicides, and made numerous arrests for firearms and violent

6   offenses. As a result of my training and experience, and based on my consultation with

7   other more experienced agents and law enforcement officers, I have an understanding of

8   the manner in which narcotics are distributed and various roles played by individuals or

9   groups involved in their distribution, along with the unlawful use of firearms during

10   crimes of violence and/or drug trafficking and firearms trafficking.

11        4.     The facts set forth in this Affidavit are based on my own personal

12   knowledge; knowledge obtained from other individuals during my participation in this

13   investigation, including other law enforcement officers; review of documents and records

14   related to this investigation; communications with others who have personal knowledge

15   of the events and circumstances described herein; and information gained through my

16   training and experience.

17        5.     Because this Affidavit is submitted for the limited purpose of establishing

18   probable cause in support of the application for a search warrant, it does not set forth

19   each and every fact that I or others have learned during the course of this investigation. I

20   have set forth only the facts that I believe are necessary to establish probable cause to

21   believe that evidence, fruits and instrumentalities of violations of  Title 21 United States

22   Code, Section 841(a)(1) and 841(b)(1)(A) – Possession of a Controlled Substance with

23   Intent to Distribute; Title 21 United States Code, Section 846 – Conspiracy to Distribute

24   Controlled Substances; Title 21 United States Code, Section 843 – Use of a Telephonic

25   Device in Furtherance of Narcotics Trafficking; Title 18, United States Code, Section

26   922(g)(1) – Unlawful Possession of a Firearm by a Convicted Felon; Title 18, United

27   States Code, Section 924(c) – Possession of a Firearm in Furtherance of Drug

28

AFFIDAVIT OF SPECIAL AGENT EARL WOZNIAK
USAO#2017R00010 - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE
5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Trafficking; Title 18, United States Code, Section 924(c)(1)(B)(ii) – Possession of a

2  Silencer in Furtherance of Drug Trafficking; Title 26, United States Code, Section

3  5861(d) – Unlawful Possession of NFA Weapon.

4  **IDENTIFICATION OF THE SUBJECT DEVICE TO BE EXAMINED**

5     6.     The SUBJECT DEVICES are a Samsung Galaxy S7 Edge cellular phone,

6  IMEI number 356164075929566, serial number RF8HB20HPME (SUBJECT DEVICE

7  1). Ashbach possessed this phone on his person at time of arrest, and stated to arresting

8  officers his phone number is (206) 909-8633; that number is a Verizon Wireless Service

9  number and may be the number of the phone. The second device is a Samsung Galaxy S7

10  Edge cellular phone, IMEI number 357216071865068 (SUBJECT DEVICE 2), in an

11  "Otterbox" case; this phone was recovered from the bed of Ashbach's hotel room. The

12  SUBJECT DEVICES were originally seized by the Lynnwood Police Department

13  pursuant to a search warrant and subsequently kept in Lynwood Police custody, until

14  January 5, 2017, when it was transferred to ATF custody.  The SUBJECT DEVICES are

15  presently in the custody of the Bureau of Alcohol, Tobacco, Firearms, and Explosives

16  (ATF).

17     7.     The warrant would authorize the forensic examination of the SUBJECT

18  DEVICES for the purpose of identifying electronically stored data particularly described

19  in Attachment B.

20  **THE INVESTIGATION**

21     8.     On December 21, 2016, Special Agent Bill Perkins and I became aware of

22  the arrest of Todd Ashbach on December 17, 2016, by the Lynnwood Police Department.

23  SA Perkins and I spoke with Detective Gann and learned the details of Ashbach's arrest

24  and subsequent search warrants executed by Lynnwood Police.  The following is a

25  summary of what we learned.

26     9.     On December 17, 2016, Detective Gann observed a silver 2003

27  Volkswagen Passat, bearing plate 266-ZRK, parked illegally in a handicapped parking

28

AFFIDAVIT OF SPECIAL AGENT EARL WOZNIAK
USAO#2017R00010 - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  space at approximately 7:11 pm, at the America's Best Value Inn, 4117 196th Street SW,

2  Lynnwood, Washington. The Passat displayed no handicapped placard or handicapped

3  license plate authorizing it to occupy the space. Detective Gann's inquiry at the front

4  office revealed the vehicle belonged to the occupants of Room 206. The hotel employee

5  further stated there was an unusual amount of foot traffic in and out of that room. The

6  hotel intended to speak to the occupants of that room because they were smoking in a

7  non-smoking room.

8       10.     Detective Gann went to Room 206 to talk to the occupants about the

9  unlawfully parked car. He knocked on the door which was answered by Cooperating

10 Witness 1 (hereafter CW1).[2] Detective Gann initially told CW1 he was with the hotel

11 and told him/her the Passat was illegally parked in a handicapped space. CW1 stated

12 he/she would be out to move the car. CW1 left room 2006 and began walking toward the

13 Passat. CW1 stated that he/she had been unloading the Volkswagen Passat and forgot to

14 move it.

15      11.     Detective Gann identified himself as a Lynwood Police Officer and asked

16 CW1 if he/she had any identification. CW1 stated that he/she did not have any

17 identification but gave a name but later changed it to "C.N.E." out of California. CW1

18 claimed he/she was going to give a false name because he/she might have a warrant out

19 of California.

20      12.     Detective Gann ran the name C.N.E. which was clear in Washington and

21 California. Around this time, Detective Gann saw two males leave Room 206. One male

22 went to a different vehicle and left. The other male, later identified as Todd Ashbach,

23 was carrying a bag. Ashbach went to a green 1999 BMW 740 bearing plate BCD6094,

24 and placed the bag in the front passenger area of the car. Ashbach, advised Detective

25

26

27 ―――――――――――――――――――

[2] CW1's real identity is not being setforth out of concern for CW1's safety. The ATF has concerns that Ashbach or his associates might seek to retaliate against CW1 for providing information to law enforcement.

28 AFFIDAVIT OF SPECIAL AGENT EARL WOZNIAK

USAO#2017R00010 - 4

1  Gann that the Passat had recently been purchased for CW1 to use.  However, neither

2  Ashbach or CW1 could not locate a key for the Passat.

3      13.     Detective Gann asked for identification and any paperwork for the Passat.

4  Ashbach told Detective Gann that he would get his identification and some paperwork for

5  the car from the room (referring to Room 206).  Ashbach then returned to Room 206.

6  After several minutes passed and Ashbach did not return, Detective Gann and CW1 went

7  to Room 206 to check on him.  When CW1 knocked on the door, Ashbach came out of

8  the room and handed Detective Gann a Jiffy Lube slip which showed that on December

9  2, 2016, some work had been done on the Passat.  The name on the paperwork was

10  "Justin Case."  Ashbach also handed Detective Gann a California Driver's license

11  bearing the name "Justin Case."   After handing Detective Gann the driver's license,

12  Ashbach walked off.

13      14.     Based on the appearance of the license, Detective Gann believed it was

14  fake.  Detective Gann contacted Ashbach in the hotel waiting room and told him he

15  thought the license was fake.  Ashbach claimed it was real.  Detetive Gann had dispatch

16  run the license.  The information received by dispatch did not match Ashbach physical's

17  appearance.  Further, Ashbach could not answer simple questions such as his current

18  address, his social security number, or his age.

19      15.     Detective Gann researched the license through police databases.  He could

20  not locate anyone with the name "Justin Case" with a date of birth of xxxx1968 from

21  Menlo Park, California.  Detective Gann also researched California driver's licenses and

22  learned that the license provided by Ashbach did not have all of the characteristics of an

23  authentic California driver's license.

24      16.     Sergeant Valentine of the Lynwood Police Department, who had responded

25  to the scene, had dispatch re-run the "Justin Case" California's driver's license and also

26  ran it on his own.  Sergeant Valentine was able to confirm with dispatch that there was no

27  record of a California driver's license issued under that name.  Based upon this

28  AFFIDAVIT OF SPECIAL AGENT EARL WOZNIAK
USAO#2017R00010 - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE
5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    information and other information, Detective Gann concluded that the driver's license

2    was fraudulent.

3        17.    Detective Gann arrested Ashbach for making false statements by

4    intentionally providing a fictitious identification.  During a search incident to arrest,

5    Detective Gann located approximately several thousand dollars in U.S. Currency in

6    Ashbach's pants pocket.  Detective Gann also found SUBJECT DEVICE 1 in Ashbach's

7    pants pocket, and a wallet which had a debit card in the name Todd Ashbach.  Detective

8    Gann ran the name and learned that Ashbach had an outstanding Department of

9    Corrections felony warrant for possession of a controlled substance.

10        18.    Hotel management told Detective Gann the hotel room was rented to

11   Ashbach under the fictitious name and fictitious accompanying California identification,

12   identifying Ashbach as "Justin Case."

13        19.    After Ashbach was arrested, Detective Gann spoke with CW1.  Detective

14   Gann stated that he believed CW1 had not been truthful about their identity.  CW1

15   insisted that he/she had given his/her true name but that he/she did not have any

16   identification to verify his/her identity.  Detective Gann asked if there were any drugs

17   inside Room 206.  CW1 stated he/she believed there was some inside the room but not

18   sure where.  CW1 also stated that both the green BMW and the Volkswagen Passat

19   belonged to Ashbach.

20        20.    After speaking with CW1, Detective Gann approached Ashbach and asked

21   for his permission to search Room 206.  Ashbach wanted to know why Detective Gann

22   wanted to search the room.  Detective Gann told him that he suspected there were drugs

23   inside the room based on the outstanding arrest warrant and the amount of cash he

24   possessed.  Ashbach then stated there were some "tins" in the room with his stuff, but

25   would not elaborate. Ashbach also stated that before he agreed to a search of the room he

26   wanted to speak with CW1.

27

28

AFFIDAVIT OF SPECIAL AGENT EARL WOZNIAK
USAO#2017R00010 - 6

21.     CW1 was brought to Ashbach's location.  Ashbach initially hesitated to give consent, but CW1 stated, "Come on, let's get it over with. I'm good with it, just give them the drugs." Ashbach and CW1 then both read and signed a written consent to search form.

22.     Detective Gann went to the room with other officers and CW1.  Once inside the room, with CW1 assistance, the officers recovered two large baggies of suspected methamphetamine weighing approximately 229 grams (.505 pounds).

23.     Officers also recovered a scale, another large stack of U.S. currency, two ballistic vests, paraphernalia, and a Seattle Police jacket.

24.     During the search, officers recovered identification for CW1 in a different name.  At that point, CW1 admitted that he/she had given Detective Gann a false name. Detective Gann ran the name and learned he/she had outstanding theft warrants out of Whatcom and Skagit County, and Marysville.  CW1 was arrested for the outstanding warrants.

25.     Det. Gann had the motel deactivate the key cards and secured the room for a search warrant, placing evidence tape over the door. A Lynnwood narcotics detection canine alerted on both the BMW and Volkswagen associated with Ashbach, as well as the money seized.

26.     At the jail, CW1 agreed to speak with Detective Gann.  CW1 stated that the officers had missed some items inside the motel room.  CW1 stated that there was a brown box containing a handgun with a silencer as well as armor piercing ammunition which belonged to Ashbach.  CW1 also stated that inside the trunk of the Passat was a sawed off shotgun.  CW1 also claimed that inside the green BMW the officers would find two 9 mm handguns in a lunch box with heroin and methamphetamine. According to CW1 these items would be in a blue Nike bag.  CW1 believed that there was around $20,000 of U.S. currency and twenty pounds of heroin and thirty pounds of

AFFIDAVIT OF SPECIAL AGENT EARL WOZNIAK
USAO#2017R00010 - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  methamphetamine in cars.  CW1thought this because Ashbach had just picked up more

2  drugs right before they were contacted in Room 206.

3        27.  Det. Gann impounded the cars, secured the motel room, and obtained a

4  search warrant for all three locations.

5        28.  On December 18, 2016, Detective Gann and other law enforcement officers

6  searched Room 206, the Volkswagen Passat, and the green BMW.

7        29.  In Room 206, the officers recovered (i) a FNH-USA Five-Seven 5.7x28mm

8  handgun, serial number 386265878, loaded, with a silencer threaded onto the barrel, in a

9  brown box on top of the bed; (ii) a Ruger 9mm pistol, serial number 452-26856, loaded,

10  in a backpack near the sink; (iii) a Ruger 9mm pistol, serial number 329-77028, loaded,

11  under the sheets on the bed; (iv) drug paraphernalia with residue, night vision, and

12  binoculars were taken; (v) SUBJECT DEVICE #2, which was on the hotel bed; and (vi)

13  documents connecting Ashbach with the vehicles.

14        30.  In the 1999 green BMW 740, the officers recovered (i) two bags of heroin,

15  weighing approximately 1.13 and 1.17 pounds each, for a total approximate weight of 2.3

16  pounds or 1,043.26 grams (1.04 kilograms); (ii) one bag of methamphetamine, weighing

17  approximately 1.03 pounds or 467.19 grams; (iii) A small quantity of marijuana and

18  Xanax pills; and (iv) a police duty belt with holster (in the trunk of the car).

19        31.  In the 2003 silver Volkswagen the officers recovered a Mossberg 12-gauge

20  shotgun, obliterated serial number, located in the trunk, and ammunition loaded into

21  magazines.

22        32.  The total amount of cash seized from Ashbach's pants and the hotel room,

23  was approximately $9,110.11 in US currency.  The total amounts of narcotics seized from

24  the search warrants and consent searches was 696.26 grams of methamphetamine and

25  1,043.26 grams of heroin. All narcotics seized field tested positive for the respective

26  controlled substances.

27

28

AFFIDAVIT OF SPECIAL AGENT EARL WOZNIAK
USAO#2017R00010 - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

33.     Following the search warrants, Detective Gann interviewed Ashbach again. Before any questioning, Detective Gann read Ashbach is Miranda rights again. He then asked him what he would find in the bag he placed in the green BMW. Ashbach responded he would find, "car detailing equipment," in the bag he placed inside the car. Ashbach stated police would find nothing else incriminating if they obtained search warrants. Detective Gann then informed Ashbach warrants had been served and asked Ashbach if he would like to be honest. Ashbach responded, "if I wasn't honest with you yesterday, why would I be honest with you today." Ashbach also made the statement, "you should have arrested me yesterday," but would not elaborate further.

34.     I know from my training and experience that the possession of 696 grams of methamphetamine and 1,043 grams of heroin far exceeds the amount an individual would possess for personal use. This amount of these drugs combined, has an approximate street value of more than $40,000 wholesale, and is typically then sold in smaller quantities to lower level dealers, with the potential for substantial profit to the drug seller. Further, the possession of more than $9,000 in US Currency by a person in possession of a large quantity of a controlled substance is consistent with the sale and trafficking of a controlled substance.

35.     It is common for drug dealers to possess firearms and ammunition to protect their drugs, assets, and persons from hostile gangs, rival traffickers, drug users, other criminals, and from law enforcement. The quantity of narcotics possessed by Ashbach would expose him to the potential for assault by drug users, rival dealers, rival gang members and other criminals who were aware of the narcotics and currency he possessed, requiring Ashbach to possess firearms to protect his criminal enterprise.

36.     On December 22, 2016, Special Agent Bill Perkins and I debriefed CW1, who spoke with us about Ashbach's drug trafficking operation. Specifically, CW1 stated Ashbach did not have a permanent residence, and moved between hotels to live and run the narcotics distribution network out of these temporary residences. Ashbach routinely

AFFIDAVIT OF SPECIAL AGENT EARL WOZNIAK
USAO#2017R00010 - 9

used the telephone to speak with his narcotics supplier, whose name may be "Raul." According to CW1, Ashbach would pick up a large, multi-kilogram load of narcotics approximately 2-3 times per week, then would routinely have an extended absence while he distributed multiple ounces at a time to numerous individuals.  CW1 believed most of these deals were arranged by phone, and on varying occasions, Ashbach would either deliver loads to his customers, or have customers come to his current hotel location.

37.    CW1 stated, "all his [Ashbach's] people are in his phone contacts." Further, CW1 stated "Raul" called Ashbach approximately two hours prior to the incident with Lynnwood Police leading to Ashbach's arrest.

38.    Given the SUBJECT DEVICES were recovered on the person and in the hotel room of Ashbach, I believe these are the phones Ashbach is presently using to communicate with his suppliers and clients to operate his drug distribution network. Based upon my training and experience, I am aware drug dealers frequently have multiple phones and/or frequently change their phone numbers and physical cell phones in an effort to obscure their current phone numbers from law enforcement and to frustrate efforts at lawful intercepts by investigators, such as Pen Register/Trap and Trace Orders, GPS location pings, or Title III wiretaps.

## EVIDENCE OF NARCOTICS TRAFFICKING FREQUENTLY FOUND ON PHONES

39.    Based upon my training and experience, and conversations with, and training from, other officers and agents involved in narcotics investigations, I know that drug dealers use cellular telephones as a tool or instrumentality in committing their criminal activity.  They use them to maintain contact with their suppliers, distributors, and customers.  They prefer cellular telephones because, first, they can be purchased without the location and personal information that land lines require.  Second, they can be easily carried to permit the user maximum flexibility in meeting associates, avoiding police surveillance, and traveling to obtain or distribute drugs.  Third, they can be passed

AFFIDAVIT OF SPECIAL AGENT EARL WOZNIAK
USAO#2017R00010 - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 between members of a drug conspiracy to allow substitution when one member leaves the

2 area temporarily.  Many of the drug dealers I have contacted has used one or more

3 cellular telephones for his or her drug business.  The cellular telephones are used to call,

4 text, or otherwise communicate with suppliers and customers of illegal drugs.  As a

5 result, evidence of drug dealing can often be found in text messages, call logs,

6 photographs, videos, and other stored data on the cellular phone.

7     40.    I also know that it is common for drug traffickers to retain in their

8 possession phones that they previously used, but have discontinued actively using, for

9 their drug trafficking business.  Based on my training and experience, the data maintained

10 in a cellular telephone used by a drug dealer is evidence of a crime or crimes.  This

11 includes the following:

12     a.    The assigned number to the cellular telephone (known as the mobile
13 directory number or MDN), and the identifying telephone serial number (Electronic
Serial Number, or ESN), (Mobile Identification Number, or MIN), (International Mobile
14 Subscriber Identity, or IMSI), or (International Mobile Equipment Identity, or IMEI) are
15 important evidence because they reveal the service provider, allow us to obtain subscriber
information, and uniquely identify the telephone.  This information can be used to obtain
16 toll records, to identify contacts by this telephone with other cellular telephones used by
17 co-conspirators, to identify other telephones used by the same subscriber or purchased as
part of a package, and to confirm if the telephone was contacted by a cooperating source.

18
19     b.    The stored list of recent received, missed, and sent calls is important
evidence.  It identifies telephones recently in contact with the telephone user.  This is
20 valuable information in a drug investigation because it will identify telephones used by
21 other members of the organization, such as suppliers, distributors and customers, and it
confirms the date and time of contacts.  If the user is under surveillance, it identifies what
22 number he called during or around the time of a drug transaction or surveilled meeting.
23 Even if a contact involves a telephone user not part of the conspiracy, the information is
helpful (and thus is evidence) because it leads to friends and associates of the user who
24 can identify the user, help locate the user, and provide information about the user.
25 Identifying a defendant's law-abiding friends is often just as useful as identifying his
drug-trafficking associates.

26

27

28

AFFIDAVIT OF SPECIAL AGENT EARL WOZNIAK
USAO#2017R00010 - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE
5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c.      Stored text messages are important evidence, similar to stored numbers.  Agents can identify both drug associates, and friends of the user who likely have helpful information about the user, his location, and his activities.

d.      Photographs on a cellular telephone are evidence because they help identify the user, either through his or her own picture, or through pictures of friends, family, and associates that can identify the user.  Pictures also identify associates likely to be members of the drug trafficking organization.  Some drug dealers photograph groups of associates, sometimes posing with weapons and showing identifiable gang signs.  Also, digital photos often have embedded "geocode" or GPS information embedded in them.  Geocode information is typically the longitude and latitude where the photo was taken.  Showing where the photo was taken can have evidentiary value.  This location information is helpful because, for example, it can show where coconspirators meet, where they travel, and where assets might be located.

e.      Stored address records are important evidence because they show the user's close associates and family members, and they contain names and nicknames connected to phone numbers that can be used to identify suspects.

## TECHNICAL TERMS

41.      Based on my training and experience, I use the following technical terms to convey the following meanings:

a.      Wireless telephone:  A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals.  These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet.  Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

AFFIDAVIT OF SPECIAL AGENT EARL WOZNIAK
USAO#2017R00010 - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

42.     Based on my knowledge, training, and experience, I know that cellular telephones, can store information referenced above in paragraphs 40 (a), (b), (c), and (d), for long periods of time.  This information can sometimes be recovered with forensic tools.

43.     *Manner of execution.*  Because this warrant seeks only permission to examine two cellular telephones already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

44.     The United States forswears the plain use doctrine in connection with any search for electronically stored information on the SUBJECT DEVICES.

## DIGITAL DEVICES AS INSTRUMENTALITIES OF THE CRIMES

45.     Based upon the evidence provided, it is reasonable to believe the SUBJECT DEVICES were utilized to further drug trafficking by communications between Ashbach and his suppliers and customers.  Because of the manner in which the devices were used it is reasonable to believe the SUBJECT DEVICES were used as instrumentalities of the crimes under investigation.

## REQUEST FOR SEALING

46.     It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant.  I believe that sealing this document is necessary because the warrant is relevant to an ongoing investigation into others who are associated with Ashbach, not all of the targets of this investigation will be searched at this time.  I suspect that possible criminal associates of Ashbach include outlaw motorcycle gang members from the Bandidos.  Ashbach was a member of this outlaw motorcycle club until approximately two year ago.  Even though he left the club, his father is still a ranking member in the local Bandidos Club.  Also, CW1 stated that Ashbach has ties to

AFFIDAVIT OF SPECIAL AGENT EARL WOZNIAK
USAO#2017R00010 - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  large scale drug dealer whom I intend to investigate.  Based upon my training and

2  experience, I have learned that, online criminals actively search for criminal affidavits

3  and search warrants via the internet, and disseminate them to other online criminals as

4  they deem appropriate, i.e., post them publicly online through the carding forums.

5  Premature disclosure of the contents of this affidavit and related documents may have a

6  significant and negative impact on the continuing investigation and may severely

7  jeopardize its effectiveness.

8                              **CONCLUSION**

9        47.    Based on the foregoing, I respectfully submit that probable cause exists to

10  search the CELLULAR PHONE described in Attachment A, for evidence, fruits, and

11  instrumentalities of narcotic offenses, as described in Attachment B.


                              EARL A. WOZNIAK
                              Special Agent
                              Bureau of Alcohol, Tobacco, Firearms, and
                              Explosives

Subscribed and sworn to before me this ___11th___ day of January 2017.


                              JAMES P. DOHONUE
                              UNITED STATES MAGISTRATE JUDGE

AFFIDAVIT OF SPECIAL AGENT EARL WOZNIAK
USAO#2017R00010 - 14

1

**ATTACHMENT A**

2      The property to be searched consists of two cellular telephones in the custody of

3   the ATF located in Seattle, Washington.  The SUBJECT DEVICES are identified as

4   follows:

5      SUBJECT DEVICE # 1:  Samsung Galaxy S7 Edge cellular phone, IMEI number

6   356164075929566, serial number RF8HB20HPME).

7      SUBJECT DEVICE # 2:  Samsung Galaxy S7 Edge cellular phone, IMEI number

8   357216071865068

9      This warrant authorizes the forensic examination of the SUBJECT DEVICES for

10   the purpose of identifying the electronically stored information described in Attachment

11   B.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AFFIDAVIT OF SPECIAL AGENT EARL WOZNIAK
USAO#2017R00010  - 15

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE
5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ATTACHMENT B**

**Items and Information to be Seized**

1.      All records or information on the SUBJECT DEVICES described in Attachment A that relate to violations of Title 21 United States Code, Section 841(a)(1) and 841(b)(1)(A) – Possession of a Controlled Substance with Intent to Distribute; Title 21 United States Code, Section 846 – Conspiracy to Distribute Controlled Substances; Title 21 United States Code, Section 843 – Use of a Telephonic Device in Furtherance of Narcotics Trafficking; Title 18, United States Code, Section 922(g)(1) – Unlawful Possession of a Firearm by a Convicted Felon; Title 18, United States Code, Section 924(c) – Possession of a Firearm in Furtherance of Drug Trafficking; Title 18, United States Code, Section 924(c)(1)(B)(ii) – Possession of a Silencer in Furtherance of Drug Trafficking; Title 26, United States Code, Section 5861(d) – Unlawful Possession of NFA Weapon specifically:

1.      Assigned number and identifying telephone serial number (ESN, MIN, IMSI, or IMEI);

2.      Stored lists of recent received, sent, or missed calls:

3.      Stored contact information;

4.      Photographs related to the above listed crimes including:

(i) possession, use, and/or transfer of firearms, silencers, firearms parts, NFA weapons, and ammunition;

(ii) possession, use, and/or transfer of illegal drugs;

(iii) U.S. or other currency;

(iv) which may show the user of the phone and /or coconspirators, including any embedded GPS data associated with these photographs;

5.      Stored text messages, including Apple iMessages, Blackberry Messenger messages or other similar messaging services where the data is stored on the telephone, related to the above listed crimes including illegal drug possession or dealing;  and/or the

AFFIDAVIT OF SPECIAL AGENT EARL WOZNIAK
USAO#2017R00010 - 16

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   illegal possession, sale, or transfer of firearms, firearm parts, NFA weapons, or

2   ammunition.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AFFIDAVIT OF SPECIAL AGENT EARL WOZNIAK
USAO#2017R00010  - 17

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970